## Missouri, Kansas & Texas Railway Company v. B. S. Williams.

### Delivered April 3, 1897.

**Charge of Court—Assumption of Fact—Error.**

An instruction that if the jury believed from the evidence that the falling of part of a coal chute by which plaintiff was injured was caused by the fact that it was not properly braced, and that the foreman in the exercise of ordinary care ought to have had it properly braced, to find for plaintiff, but that if they did not believe that such foreman in the exercise of ordinary care ought to have known that it was not properly braced before the accident, to find for defendant, is reversible error as assuming that the coal chute was not properly braced.

Appeal from Grayson.   Tried below before Hon. Don A. Bliss.

*T. S. Miller* and *Head, Dillard & Muse,* for appellant.

*G. G. Randell* and *Wolfe & Hare,* for appellee.

FINLEY, Associate Justice.—On March 25, 1896, appellee filed his original petition.   On June 1, 1896, he filed his first amended original petition, and sought to recover damages of appellant by reason of appellee being injured while at work on a coal chute in Denton, Texas.   It was alleged by plaintiff in his petition that the bents of such coal chute were improperly and negligently braced, and that one Ed Fink, who was the foreman of appellant in charge of such work, negligently instructed appellee as to the performance of such work, and failed to use proper care to protect appellee from danger.

Appellant answered by a general denial, and also by a special answer setting up contributory negligence upon the part of appellee, and that his injuries, if any, were caused by the negligence of a fellow-servant, and that such injuries were occasioned to appellee from risks assumed by him when he entered the service of appellant.

On June 15, 1896, the case was tried in the District Court of Grayson County, and resulted in a verdict and judgment in favor of appellee for $5000.   From such judgment appellant has perfected this appeal.

The charge of the court in the tenth and eleventh paragraphs is assigned as errror.

The tenth paragraph of the charge of the court is as follows: "Bear-

ing carefully in mind the foregoing instructions, if you believe from the evidence that plaintiff, B. S. Williams, was in the employment of the defendant, the Missouri, Kansas & Texas Railway Company of Texas, and if you believe further from the evidence that while he was discharging the duties of his employment he was injured by the falling of a portion of the structure of said coal chute, and if you believe further from the evidence that the falling of such structure was caused *by the fact that said structure was not properly braced,* and if you further believe from the evidence that Ed Fink, the foreman defendant had placed in charge of the work, in the exercise of ordinary care for plaintiff's safety ought to have said structure *properly braced,* and if you believe further from the evidence that said Fink failed to use ordinary care to have said structure *properly braced,* and if you believe further from the evidence that plaintiff neither knew nor in the exercise of ordinary care for his safety ought to have known, before the injury occurred, that said structure was not *properly braced,* then you will find for plaintiff. The burden of proof is upon the plaintiff to show by a preponderance of the evidence, which means the greater weight of credible testimony, all the facts necessary to entitle him to recover as set forth in this clause before you could find for him; otherwise your verdict should be for defendant."

The eleventh paragraph of the charge of the court is as follows: "So, of course, if you do not believe from the evidence that in the exercise of ordinary care Fink ought to have known that such structure was not *properly braced* before the accident, and *ought to have had said structure properly braced before the accident, or if you* believe from the evidence that the accident was caused by the failure of one Atterberry, or by any other person than Fink, to use ordinary care, or if you believe from the evidence that plaintiff in the exercise of ordinary care knew or ought to have known how said structure was braced before the accident occurred, then in any of these events you will find for the defendant."

It is urged that the charge is upon the weight of the evidence, assumes, and repeats the assumption, that the bents of the coal chute were improperly braced. The peculiar structure of the charge of the court renders it susceptible of the construction placed upon it by appellant's counsel, and the jury may have been misled in the view that they should take the fact as established that the bents were not properly braced.

The majority of the court are of opinion that this is the proper construction to be placed upon the charge. The writer is of opinion that the discriminating mind should not give this construction to this portion of the charge, especially in the light of the entire charge of the court (Railway v. Lehmberg, 75 Texas, 61); but concedes that the form of expression does not leave the meaning clear, and there is danger that the jury may have misconceived its purport. That the learned judge who tried the case did not intend to assume the proof of the fact at issue, we have no sort of doubt. The charge should have submitted the issue to the jury clearly, and in such a manner as to leave no room for doubt that the issue of fact was not assumed to be proved. Dillingham v. Parker,

80 Texas, 572; Railway v. Kutac, 76 Texas, 478; Railway v. Christman, 65 Texas, 369; Brewing Co. v. Emerson, 36 S. W. Rep., 332.

There are no other assignments of error that we deem it necessary to discuss in this opinion.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*