On the night of March 23, 1904, L. Grych, while acting as foreman of the night switching crew at Ennis, Texas, in the yards of the Houston Texas Central Railroad Company, stumbled and fell down and the wheels of an engine passed over one of his feet, injuring it to such an extent as required its amputation. Thereafter he brought this suit against the Houston Texas Central Railroad Company and the Texas Midland Railroad, seeking to recover damages, and alleging that his injuries were caused by the negligence of the two defendants. As the verdict and judgment were in favor of the Texas Midland Railroad, it is unnecessary to make any further statement as to it.
The plaintiff charged in his petition that while he was walking alongside of the transfer track, in the performance of his duty, he stumbled on some cinder, stone, rocks, sand, coal, clinker, grass and other hard substances, and the unevenness of the ground, carelessly, negligently and unskillfully left there by the agents and officers of the defendants.
The Houston Texas Central Railroad Company went to trial upon an answer containing a general demurrer, general denial, pleas of contributory negligence, assumed risk and unavoidable accident.
The trial resulted in favor of the Texas Midland Railroad, and in favor of the plaintiff against the H. T. C. Railroad Co. for $6,090, and defendant has appealed.
After stating the law in general terms and with substantial correctness, the court instructed the jury as follows:
"4th. Now if you find from the evidence that the plaintiff L. Grych, was in the employ of the defendant as foreman of a switching crew in the yards at Ennis, and you further believe from the evidence that the defendant, Houston Texas Central Railroad Company allowed or permitted obstructions along near the west side of what is called the Midland transfer track in the Ennis yards, said obstructions, if any, consisting of clinkers, or cinders or coal, or mound, pile or heap, and you further believe that to so allow or permit said obstructions, if any, constituted negligence, as that term has been herein defined, and that the presence of said obstructions, if any, made said place one that was not reasonably safe for plaintiff to work, while discharging his duties in his employment, and you further believe from the evidence that plaintiff while so in the discharge of his duties, if he was, struck his foot against said obstructions, or any of them, as named above, without any fault on his part, and that he was thereby caused to stumble and fall, and that by reason *Page 442 
of his stumbling and falling, his foot was caused to go upon the rail of the railroad, resulting in the injury to said foot, so that it became necessary to amputate the same, and you further believe from the evidence that such negligence, if any there was, proximately caused plaintiff's injury, then you will find for plaintiff, unless you find for the defendant under the other instructions hereinafter given you.
"5th. On the other hand, if you believe from the evidence that the place at which plaintiff was at work at the time he was injured, was a reasonably safe place for him to discharge his duties; or if you find from the evidence that stumbling over a clinker, cinders, coal, mound, pile or heap, or any of them, if he did, was not the proximate cause of plaintiff's injury; or if you believe that defendant did not know of the presence of said obstructions, if any, and by the exercise of ordinary care would not have known thereof; or if you believe from the evidence that plaintiff's injuries were the result of the risks ordinarily incident to the work in which he was engaged; or if you believe from the evidence that the obstructions above named, if any, or any of them, caused plaintiff to stumble and thereby get injured, but yet you believe that the presence of said obstructions, if any, at the time and place he was injured, were so patent and open to observation that an ordinarily prudent person, performing the duties plaintiff was then discharging, would, in the exercise of ordinary care for his own safety, have discovered and avoided the danger, if any there was; or if you believe from the evidence plaintiff knew of the presence of said obstructions, if any; or if you believe from the evidence that plaintiff's injuries were the result of an accident, by which is meant that neither plaintiff nor defendant has been shown by the evidence to have been guilty of negligence, which was the proximate cause of said injury; or if you fail to find from the evidence that plaintiff stumbled and fell over the obstructions, if any, as herein charged, or any of them, but believe from the evidence that he was upon the incline, if any, between the two tracks, and slipped and fell, or that he attempted to get upon the footboard of the engine and fell, thereby causing his injuries; or if you find from the evidence and believe that plaintiff's injuries were caused by a failure on his part to exercise such ordinary care for his own safety as a person of ordinary prudence engaged in the same service would have exercised, then upon your finding any one or more of the events mentioned in the several subdivisions of this clause of the charge, you will return a verdict for the defendant."
These paragraphs of the charge are assailed, among other reasons, upon the contention that they discriminate in favor of the plaintiff, presenting his theory expressly, positively and elaborately, and the defendant's only abstractly and categorically, thereby giving undue prominence to the facts relied on by the plaintiff, and practically ignoring the defenses relied on by the defendant. In our opinion this criticism is without merit. It is not perceived how any disinterested and fair-minded juror could find anything in these paragraphs of the charge upon which to base such a construction. We feel quite *Page 443 
sure that the jury placed no such construction upon them, and the assignment urging the complaint referred to is overruled.
There are quite a number of other assignments complaining of the court's charge and of the refusal of requested instructions. We find no positive error in the charge given by the court. In the main, those requested by appellant related to phases of the case already sufficiently covered by the court's charge. Some of them were properly refused because they were not correct statements of the law.
Concerning appellant's requested instruction No. 2, which is presented under the fifteenth assignment of error, we have encountered some difficulty. It was intended to supply an omission and apply the law to a particular phase of the case with more particularity and in more specific terms then did the general charge given by the court. That charge reads as follows:
"You, in addition to the charge just given, are also instructed: That if you believe that the defendant used ordinary care in furnishing the plaintiff a reasonably safe place to perform his duties as switch foreman, then the defendant has not been negligent in the performance of its duty to the plaintiff, and can not be held to any liability on account of the injury suffered by the plaintiff, of which he complains in this case."
As a general rule, to entitle the complaining litigant to a reversal on account of the refusal of a requested instruction, it must appear that such instruction was free from ambiguity and not susceptible of a misleading construction. The charge under consideration uses the language "in furnishing the plaintiff a reasonably safe place to perform his duties as switch foreman." Charges somewhat similarly framed have been held to constitute reversible error, upon the theory that they were susceptible of the construction that the court assumed the existence of a controverted fact. It is possible that the jury might have construed the words "in furnishing plaintiff areasonably safe place," etc., as assuming, or at least intimating, that the defendant had furnished the plaintiff a reasonably safe place to perform his duties. (Texas Central Railroad Co. v. Waldie, 18 Texas Ct. Rep., 60; Missouri, K. 
T. Ry. Co. v. Williams, 17 Texas Civ. App. 676[17 Tex. Civ. App. 676]; St. Louis S.W. Ry. Co. v. Smith,63 S.W. 1065.) For this reason we have reached the conclusion that appellant is not entitled to have the case reversed because of the refusal of the instruction referred to.
On all the questions of fact submitted to the jury there is ample evidence supporting the verdict. In the motion for a new trial it was charged that one of the plaintiff's attorneys wrote the charge which was given by the court to the jury, and it is claimed that the case should be reversed for that reason, in connection with the fact that the attorney referred to told the jury in his closing argument that if the charge did not contain a particular word he was willing for them to find a verdict for the defendant. We are of opinion that the matters here complained of do not entitle appellant to a reversal of the judgment. In so far as the right to have the case reversed is concerned, it is immaterial who prepared the charge. It was signed by the trial judge and read to the jury by him, and, by such action, *Page 444 
it became, in law, the charge given by him to the jury. It was proper under the pleadings and evidence for the charge to contain as it did the word which the plaintiff's attorney told the jury it would contain; and therefore we fail to see that harm was committed in that respect. The defendant's counsel, with equal certainty, could have told the jury that the charge would contain certain words, although they may not have seen it.
No reversible error has been shown and the judgment is affirmed.
Affirmed.
Writ of error refused.