SAN ANTONIO & A. P. RY. CO. v. STEWART.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1912.)

1. RAILROADS (§ 446*)—OPERATION—INJURIES TO ANIMALS ON TRACKS.

In an action against a railroad company by the owner of a horse killed on its tracks, evidence of the railroad company's negligence *held* to raise question for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. § 446.*]

2. RAILROADS (§ 447*)—KILLING ANIMALS—INSTRUCTION—EVIDENCE.

In an action against a railroad company by the owner of a horse killed on its tracks, where the evidence showed that there was grass on the track where the horse was killed, but no more so than on other open land in that vicinity, and it appeared that when the train came the horses were startled from the place where they were grazing, and that this horse ran onto the track, a charge submitting the question of the railroad's negligence in permitting grass to grow on its tracks was inapplicable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1642–1650; Dec. Dig. § 447.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CURE OF ONE INSTRUCTION BY ANOTHER.

In an action against a railroad company by the owner of a horse killed on its tracks, the error of a charge which submitted the issue of the railroad's negligence in permitting grass to grow on its tracks was not cured by a special charge that there could be no finding for the plaintiff if the horse was not actually struck by the train through the negligence of the railroad's employés, where the special charge did not show that it was intended to cure the error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. APPEAL AND ERROR (§ 1031*)—REVIEW—HARMLESS ERROR.

Where the trial court improperly submitted an issue of negligence to the jury which was not raised by the evidence, and a special charge which contradicted the general charge did not show that it was intended to cure the general charge, the error was prejudicial; for it must be presumed that the jury did not disregard the general charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

5. TRIAL (§ 194*)—INSTRUCTION—WEIGHT OF EVIDENCE.

In an action against a railroad company for the killing of a horse, a charge, authorizing a verdict for the plaintiff on finding that certain acts of negligence, alleged by the plaintiff to have been committed by defendant, or its servants or employés, if any, were the proximate cause of the death of the animal, is not erroneous as on the weight of the evidence in assuming the existence of acts complained of by plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

6. RAILROADS (§ 405*)—INJURIES TO ANIMALS ON TRACK—DUTY OF RAILROAD COMPANY.

A railroad company cannot escape liability for injuries inflicted on a horse on its tracks by showing that the injuries were in part caused by box cars standing on a side track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1393–1398; Dec. Dig. § 405.*]

7. RAILROADS (§ 446*)—OPERATION—INJURIES TO ANIMALS ON TRACK.

Whether a train should be stopped or speed reduced to avoid injury to stock on the right of way is a question for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. § 446.*]

Appeal from Karnes County Court; A. J. Parker, Judge.

Action by J. D. Stewart against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Proctor, Vandenberge & Crain, of Victoria, and Williamson & Klingemann, of Karnes City, for appellant. C. L. Bell, of Karnes City, and A. J. Bell and Joel Lipscomb, both of San Antonio, for appellee.

MOURSUND, J. The appellee recovered a judgment against appellant for $400 for a horse which, it is alleged, was killed as the result of the negligence of its employés, by being struck by one of appellant's trains.

The negligence was alleged to consist: "(a) In failing to check, or trying to check or stop, said engine and train of cars after said horse was, or could have been, by reasonable care, discovered upon said track, or within danger of being struck by said engine and train of cars. (b) In failing to

give signals by blowing the whistle and ringing the bell, as required by law, at and near said crossing. (c) In failing to give signals by blowing the whistle and ringing the bell, as required by law, when said horse was discovered, or by reasonable care could have been discovered, on or near said track, and in danger of being struck and killed by said engine and train of cars. (d) In failing to use the means at hand to prevent the striking and killing of said horse after he was discovered, or by reasonable care could have been discovered, on or near said track. (e) In that said engine and train of cars were running through said town of Runge on said occasion at a rapid rate of speed, without signals and without proper lookout for stock, which defendant knew were liable to be found at any time grazing along and upon said track, and in danger of being struck and killed by their said engine and train of cars. (f) In permitting grass and weeds to grow between the rails and ties of said track and along said track at the place where said horse was struck and killed, and upon which said horse was grazing when killed."

[1] The first three assignments of error go to the sufficiency of the evidence to support the verdict and judgment. Appellant contends that the evidence shows that the horse was frightened from the track in ample time to have avoided injury; that he went away from the track, and afterwards attempted suddenly to cross the track under such circumstances that the injury could not have been anticipated, or that he ran into the train, or was caught between same and some box cars, after returning to the track. However, the evidence of Day Brown tended to show that the horse, when he got off of the main track, ran down between the side track and the main track until the train caught him at a place where the box cars were on a side track. The engineer admitted seeing the horse run off of the main track. The fireman testified that the horse, as he ran away from the main track, ran toward the box cars, and checked up about the time he reached the end of same. The evidence, in our judgment, raised the issue of whether the engineer could see that the horse was running in close proximity to the track, and could anticipate that the horse would try to cross to the others, or might get hemmed in between the box cars and the train, and whether, under the circumstances, he was negligent in his manner of running the train. We also think the issue was in the case whether diligence was used in frightening the horses from the track, and whether the failure to do so was the proximate cause of the injury. These assignments of error are therefore overruled.

[2] The next seven assignments of error complain of the charge of the court as being upon the weight of the evidence. The portion complained of is as follows: "Now, if you believe from a preponderance of the evidence in this case that at the time and place charged in plaintiff's petition the defendant, in running its engine and cars, killed plaintiff's horse, as alleged, and that defendant, when said animal was killed, was negligent, in that its servants and employés failed to check or try to check or stop its engine and cars after said horse was, or could have been, by reasonable care, discovered upon defendant's track in time to avoid injury to said animal, or if defendant was negligent in failing to give signals, as required by law, by blowing the whistle and ringing the bell at and near a public crossing, also in failing to give signals by blowing the whistle and ringing the bell, as required by law, when said horse was discovered, or could have been discovered by reasonable care, upon said defendant's track in time to avoid said injury, or if defendant was negligent by reason of his failure to use the means at hand to prevent the striking and killing of said horse after he was discovered, or could have been discovered by the use of reasonable care, in time to avoid injury to said animal, or if defendant was negligent, in that its servants and employés ran its said engine and cars through said town of Runge, at the time and at the place where said animal was killed, at a rapid rate of speed, without signals, and without proper lookout for stock on its tracks, or if the defendant was negligent in permitting the grass and weeds to grow upon its said tracks at the place where said animal was killed, and if you further find that any or all of the above specified acts on the part of the defendant, its servants and employés, if any, were the direct and proximate cause of the loss of said animal, and that defendant, by the exercise of ordinary care, could have avoided the killing of said horse, but failed to exercise such care, you will find in favor of plaintiff."

The court gave special charge No. 7, requested by appellant, as follows: "You are instructed that in no event can you find for the plaintiff if you believe the horse was not actually struck by the train through the negligence of the employés of the defendant operating said engine."

The portion of the main charge reading as follows, "Or if the defendant was negligent in permitting grass and weeds to grow upon its said track at the place where said animal was killed," is objectionable. The evidence shows there was grass on the track where the horse was killed, but no more so than on other open land in that vicinity, and that it was very dry, and there was very little grass anywhere. It was also proved that the horses were grazing at the place from which they were scared by the train. The grass growing at the place where the horse was killed could have no possible connection with the killing, as is clearly

shown by the evidence. Nor did the evidence raise any issue of want of care by reason of grass growing on the track where the horse was grazing when frightened.

[3, 4] The special charge contradicts the above-mentioned portion of the general charge and limits the jury to a consideration of the acts of the employés of appellant who were running the engine. However, this special charge does not show that it is intended to correct the general charge in the particular complained of. Said portion of the general charge was doubtless inadvertently permitted to remain in the charge, and it is not likely that it influenced the jury; but, there being nothing in the record to show that no injury resulted therefrom, and this court having no right to presume that the jury disregarded it, the case must be reversed. Baker v. Ashe, 80 Tex. 361, 16 S. W. 36; Northern Texas Traction Company v. Jamison, 85 S. W. 306; H. & T. C. Ry. Co. v. Kimbell, 43 S. W. 1049; Kirby Lumber Co. v. Dickerson, 42 Tex. Civ. App. 504, 94 S. W. 155.

[5] All seven assignments complain of the charge of the court as being upon the weight of the evidence in assuming the existence of the acts complained of by the plaintiff. The court sought to save his charge from the objection by the use of the words "if any" after the words "its servants and employés"; but we think the use of the words in that portion of the charge would, perhaps, be construed by the jury as referring to the word "employés," and would not correct the error in the charge, if any exists. Our decisions upon charges of this kind are not uniform, as may be seen by an examination of the following cases: M. P. Ry. Co. v Lehmberg, 75 Tex. 67, 12 S. W. 838; G., H. & S. A. Ry. Co. v. Waldo, 32 S. W. 783 (on which a writ of error was refused by the Supreme Court, 33 S. W. xviii); Birkman v. Fahrenthold, 52 Tex. Civ. App. 335, 114 S. W. 428; M., K. & T. Ry. Co. v. Williams, 17 Tex. Civ. App. 675, 40 S. W. 161; H. & T. C. Ry. Co. v. Grych, 103 S. W. 705; Texas Central Ry. Co. v. Waldie, 101 S. W. 518; Railway Co. v. Smith, 63 S. W. 1065.

We are of the opinion that this charge is sustained by the cases of M. P. Ry. Co. v. Lehmberg and Railway Co. v. Waldo, supra, which cases have been frequently followed; but, as each charge must be construed for itself with reference to its probable effect upon the jury, we suggest that on another trial the charge be altered, so as to leave no room for any claim that it assumed the facts to have been proved.

The eleventh assignment complains of the failure to give special charge No. 15, requested by defendant. This was not error, because there was evidence tending to show that the horse, after leaving the main track, ran down between the main track and a side track until hemmed in between the train and the box cars, and that the engineer could have seen him all the time; and it was a question for the jury whether, under such conditions, if found by them to have existed, the train should have been stopped.

[6] The twelfth assignment complains of the failure to give special charge No. 13, requested by defendant. The mere fact that if the box cars had not been there the horse would not have been killed cannot excuse the killing of the horse, if done by the negligent operation of a train. This charge was calculated to impress the jury with the idea that, if the horse would have escaped injury had the box cars not been there, they would have to find for the defendant. We overrule said assignment.

The thirteenth assignment complains of the failure to give special charge No. 12. This does not constitute error, because said charge takes away from the jury all question of whether the operatives of the train were negligent in their manner of running the same after seeing the horse, and whether such negligence, if found, was the proximate cause of the injury.

We think the special charge No. 4 should have been given, and therefore sustain the fourteenth assignment.

The fifteenth assignment complains of the failure to give special charge No. 5.

[7] This charge was properly refused. It was upon the weight of the evidence. The question whether a train should be stopped or, speed reduced to avoid injury to stock, in a given case, is one for the jury. H. & T. C. Ry. Co. v. Red Cross Stock Farm, 22 Tex. Civ. App. 114, 53 S. W. 834.

For the errors mentioned, the judgment is reversed, and the cause remanded.